```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DEBORAH LAMB, JOHN MECCA, as
sovereign people of the United
States,

                    Plaintiffs,
                                           MEMORANDUM & ORDER
          -against-                        TO SHOW CAUSE
                                           16-CV-6568(JS)(AKT)
ANDREW M. CUOMO, Governor for NYS;
ERIC T. SCHNEIDERMAN, Attorney General
for NYS; HOWARD A. ZUCKER, Public Health
Commissioner for NYS; ANNE MARIE T.
SULLIVAN, Mental Health Commissioner
for NYS; JANET DIFIORE, Chief Judge and
Head of the New York State Court System;
COUNTY OF SUFFOLK, municipality;
STEVEN BELLONE, Suffolk County Executive;
THOMAS J. SPOTA, Suffolk County District
Attorney; ANNEMARIE CSORNY, acting
Director of Suffolk County Mental Hygiene;
DR. JAMES L. TOMARKEN, Suffolk County
Commissioner of Public Health; JOHN F.
O'NEILL, Suffolk County Commissioner of
Social Services; TIMOTHY D. SINI, Suffolk
County Police Commissioner; VINCENT F. DEMARCO,
Suffolk County Sheriff; JUDITH A. PASCALE,
Suffolk County Clerk; and JOHN DOES #1-20,

                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:     Deborah Lamb, pro se
                   John Mecca, pro se
                   119 Whittier Drive
                   Kings Park, NY 11754

For Defendants:    No appearances.

SEYBERT, District Judge:
```

On November 28, 2016, pro se plaintiffs Deborah Lamb and John Mecca (together, "Plaintiffs") filed an voluminous Complaint

and exhibits (totaling over five hundred pages) alleging fantastic claims against fourteen (14) named defendants, all of whom are public officials of New York State or the County of Suffolk. Plaintiffs paid the Court's $400 filing fee at the time they filed the Complaint. For the reasons that follow, the Complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to allege a plausible claim for relief.

BACKGROUND

Plaintiffs' voluminous Complaint is comprised of 486 pages with an additional 80 pages of exhibits. Plaintiffs' jurisdictional statement alone is seven pages and includes citation to Federal statutory law, United States Supreme Court and Federal Appellate Court cases, the Nuremberg Code, and the Federal Rules of Civil Procedure. (Compl. at 27-34.) To the best that this Court can discern from the Plaintiffs' voluminous submission, Plaintiffs believe that they have been "covertly surgically altered by installation of implanted devices . . . into Plaintiffs' bodies causing egregious effects of punishment upon plaintiffs." (Compl. at 3.) Plaintiffs allege that they have evidence "that prove there are devices inside plaintiffs' bodies, there are scars on plaintiffs from covert surgery, electrical energy tests and other facts prove plaintiffs have been implanted with devices . . . ." (Compl. at 3.) According to the Complaint, New York State laws

"allow for secret adjudications and subsequent secret covert surgery and egregious treatment as punishment . . . ." (Compl. at 3.) Plaintiffs claim that Defendants "sanctioned covert surgery that installed aversive devices into plaintiffs' bodies . . . ." (Compl. at 4.) Plaintiffs' lengthy, rambling allegations are fanciful, disjointed, and nonsensical. The gravamen of Plaintiffs' claims is that New York State laws authorize these secret, unauthorized "experimental" procedures and are thus unconstitutional. (Compl. at 2-3, 12, 19, 21, 41, 88-89 and passim.)

Based on the foregoing, Plaintiffs present fifty-three claims for relief (Compl. 378-477), and seek, inter alia, an order enjoining Defendants to "immediately cause to cease all treatment, experiments and all sanctions upon plaintiffs . . ." (Compl. at 477), as well as an order directing that any "electromagnetic, acoustic or other methodology used to affect plaintiffs must be immediately turned off and removed to a distance unable to affect plaintiffs forever wherever they go in the United States and the entire world . . ." (Compl. at 480). Plaintiffs also seek an order compelling Defendants to "give plaintiffs all information as to the exact position of all and any in vivo devices anywhere within the plaintiffs' entire bodies and brains, including within or on the dermis."

DISCUSSION

I. <u>Plaintiffs' Complaint</u>

Courts are obliged to construe the pleadings of a <u>pro se</u> plaintiff liberally. <u>See</u> <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008); <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> at 678; <u>accord</u> <u>Wilson v. Merrill Lynch & Co.</u>, 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 555).

Further, a district court has the inherent power to dismiss a case, <u>sua sponte</u>, if it determines that the action is frivolous or the court lacks jurisdiction over the matter.

4

Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-364 (2d Cir. 2000). "An action is frivolous if it lacks an arguable basis in law or fact--i.e., where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" Scanlon v. Vermont, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989) (alteration in original)); see also Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

Here, as is readily apparent, the Complaint is nothing more than Plaintiffs' delusions and does not set forth any cognizable claim. Given that Plaintiffs have filed a frivolous Complaint, it is sua sponte DISMISSED WITH PREJUDICE.

II. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). "[W]hen addressing a pro se complaint, a district 'court should not dismiss without granting leave to amend at least once when a liberal reading of the

5

complaint gives any indication that a valid claim might be stated.'" Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)).

Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman, 371 U.S. at 182. However, if amendment would be futile, i.e., if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6), leave to amend may be denied. See Lucente v. Int'l Bus. Mach. Corp., 310 F.3d 243, 258 (2d Cir. 2002).

Construing Plaintiffs' Complaint liberally, and interpreting it as raising the strongest arguments it suggests, Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994), the Court finds that Plaintiffs' allegations rise to the level of the irrational. Accordingly, the Court declines to afford Plaintiffs an opportunity

to further amend the Complaint given that the deficiencies therein are not such that could be cured by amendment.

III. Litigation Injunction

Under the All Writs Act, a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act "grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits." MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999). Those circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits. See Malley v. N.Y. City Bd. of Educ., 112 F.3d 69 (2d Cir. 1997) (per curiam) (filing injunction may issue if numerous complaints filed are based on the same events); In re Martin-Trigona, 9 F.3d 226, 227-28 (2d Cir. 1993). Such an injunction, while protecting the courts and parties from frivolous litigation, should be narrowly tailored so as to preserve the right of access to the courts. In addition, the Court must provide plaintiff with notice and an opportunity to be heard before imposing a filing injunction. Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam).

Here, Plaintiffs have filed at least six previous pro se complaints in the United States District Court for the Eastern District of New York relating to electro magnetic waves and covert

7

monitoring devices.[1]  Plaintiffs' instant action, together with docket numbers 01-CV-4506, 04-CV-4964, 06-CV-3492, 07-CV-3704, 07-CV-3705, and 09-CV-1389 suggest that Plaintiffs may file a new action concerning the alleged covert implantation of monitoring devices.  Indeed, Plaintiffs were warned that similar, future complaints will not be tolerated.  (See May 22, 2009 Mem. & Order, 09-CV-1389, at 6-8.)  There, the Court cautioned that, pursuant to the All Writs Act, 28 U.S.C. § 1651(a):

> [S]ince their repeated filings relate to similar facts and issues, some of which have already been found to be frivolous, further filings of any complaint based upon the same facts and issues relating to the alleged implantation of electro magnetic devices may result in the issuance of an order prohibiting Plaintiffs from filing any future lawsuits in this Court without first obtaining leave from the Court.  In addition, the Court may direct the Clerk of Court to return to Plaintiffs, without filing, any such action that is received without a clear application seeking leave to file . . . .

(See May 22, 2009 Mem. & Order, 09-CV-1389, at 7-8.)  Undeterred, Plaintiffs filed the instant Complaint.

The Court has an "obligation to protect the public and

---

[1] See Mecca v. Suffolk Cty. Police Dep't, 01-CV-4506 (E.D.N.Y. filed July 6, 2001); Lamb v. U.S.A., et al., 04-CV-4964 (E.D.N.Y. filed Nov. 16, 2004); Mecca v. U.S. Government, 06-CV-3492 (E.D.N.Y. filed July 17, 2006); Lamb v. U.S.A., 07-CV-3704 (E.D.N.Y. filed Sept. 4, 2007); Lamb v. U.S.A., 07-CV-3705 (E.D.N.Y. filed Sept. 4, 2007); Lamb v. Off. of the Governor for N.Y., et al., 09-CV-1389 (E.D.N.Y. filed Apr. 3, 2009).

the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F. 3d 121, 123 (2d Cir. 2000) (internal quotation marks, citations, and alteration omitted). The Court is especially cognizant of Plaintiffs' pro se status and has considered their Complaint in as positive light as possible. Nonetheless, the Court again warns Plaintiffs that similar, future complaints will not be tolerated. Given Plaintiffs' litigation history, together with the fact that they have been warned that the continued filing of complaints relating to electro magnetic waves may lead to the entry of an order barring the acceptance of any future complaint based on such claims without first obtaining leave of Court to do so, **the Court now ORDERS PLAINTIFF TO SHOW CAUSE BY FILING AN AFFIDAVIT WITHIN THIRTY (30) DAYS WHY AN ORDER BARRING THEM FROM FILING ANY NEW COMPLAINT RELATING TO ELECTRO MAGNETIC WAVES AND THE COVERT IMPLANTATION OF MONITORING DEVICES SHOULD NOT BE ENTERED. Plaintiffs are advised that failure to file an affidavit in accordance with this Order to Show Cause will lead to the entry of an order barring Plaintiffs from filing any new complaint relating to this issue and the Court will direct the Clerk of the Court to return to Plaintiffs, without filing, any such action.**

Finally, Plaintiffs are cautioned that Rule 11 of the Federal Rule of Civil Procedure applies to pro se litigants, see Maduakolam v. Columbia Univ., 866 F.2d 53, 56 (2d Cir. 1989) ("Rule 11 applies both to represented and pro se litigants . . ."), and should they file another action relating to these issues, it is within the Court's authority to consider imposing sanctions upon them. See FED. R. CIV. P. 11; In re Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984) (a district court has "the power and the obligation to protect the public and the efficient administration of justice from [a vexatious litigant's] litigious propensities"); Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986) ("'A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation.'" (quoting Abdullah v. Gatto, 773 F.2d 487, 488 (2d Cir. 1985) (per curiam)).

The Clerk of the Court is DIRECTED to mail a copy of this Order to Plaintiffs at their last known address and to file proof of such service with the Court.

CONCLUSION

For the reasons set forth above, Plaintiffs' Complaint is sua sponte DISMISSED WITH PREJUDICE for failure to state a plausible claim. **Plaintiffs are ORDERED TO SHOW CAUSE BY FILING AN AFFIDAVIT WITHIN THIRTY (30) DAYS WHY AN ORDER BARRING THEM FROM**

**FILING ANY NEW COMPLAINT RELATING TO ELECTRO MAGNETIC WAVES AND THE COVERT IMPLANTATION OF MONITORING DEVICES SHOULD NOT BE ENTERED. Plaintiffs are advised that failure to file an affidavit in accordance with this Order to Show Cause will lead to the entry of an order barring Plaintiffs from filing any new complaint relating to this issue and the Court will direct the Clerk of the Court to return to Plaintiffs, without filing, any such action. Plaintiffs are cautioned that, should they file another action relating to this issue, it is within the Court's authority to consider imposing sanctions upon them pursuant to Federal Rule of Civil Procedure 11.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, should Plaintiffs seek leave to appeal in forma pauperis, such status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Order to the pro se Plaintiffs and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December 19, 2016
       Central Islip, New York