```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DEBORAH LAMB, JOHN MECCA, as
sovereign people of the United
States,

                         Plaintiffs,
                                                FILING INJUNCTION ORDER
         -against-                              16-CV-6568(JS)(AKT)

ANDREW M. CUOMO, Governor for NYS;
ERIC T. SCHNEIDERMAN, Attorney General
for NYS; HOWARD A. ZUCKER, Public Health
Commissioner for NYS; ANNE MARIE T.
SULLIVAN, Mental Health Commissioner
for NYS; JANET DIFIORE, Chief Judge and
Head of the New York State Court System;
COUNTY OF SUFFOLK, municipality;
STEVEN BELLONE, Suffolk County Executive;
THOMAS J. SPOTA, Suffolk County District
Attorney; ANNEMARIE CSORNY, acting
Director of Suffolk County Mental Hygiene;
DR. JAMES L. TOMARKEN, Suffolk County
Commissioner of Public Health; JOHN F.
O'NEILL, Suffolk County Commissioner of
Social Services; TIMOTHY D. SINI, Suffolk
County Police Commissioner; VINCENT F. DEMARCO,
Suffolk County Sheriff; JUDITH A. PASCALE,
Suffolk County Clerk; and JOHN DOES #1-20,

                         Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:      Deborah Lamb, pro se
                    John Mecca, pro se
                    119 Whittier Drive
                    Kings Park, NY 11754

For Defendants:     No appearances.

SEYBERT, District Judge:
```

By Order dated December 19, 2016 (the "Order"), the Court dismissed the Complaint of pro se plaintiffs Deborah Lamb and John

Mecca (together, "Plaintiffs") as frivolous. (Order, Docket Entry 9.) Because Plaintiffs had already filed six (6) prior complaints[1] relating to the same subject matter--the alleged covert surgical implantation of electromagnetic devices in Plaintiffs' bodies,--and each having been dismissed as frivolous, the Court also directed Plaintiffs to show cause, in writing, within thirty (30) days, why they should not be enjoined from filing any new action relating to this subject matter without first obtaining leave of Court. See Order at 7-9 (citing MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999); Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam)).

On December 21, 2016, Plaintiffs timely filed a thirty-page, unsworn submission entitled "Affidavit to Show Cause as Demanded By the Court Hon. Judge Joanna Seybert's Sua Sponte Dismissal dated 12/19/2016 in Lamb et al v. Cuomo et al 16-CV-06568." (See Affidavit, Docket Entry 10.)[2] Although provided with an opportunity to be heard, nothing in Plaintiffs' response

---

[1] See Mecca v. Suffolk Cty. Police Dep't, 01-CV-4506 (E.D.N.Y. filed July 6, 2001); Lamb v. U.S.A., et al., 04-CV-4964 (E.D.N.Y. filed Nov. 16, 2004); Mecca v. U.S. Government, 06-CV-3492 (E.D.N.Y. filed July 17, 2006); Lamb v. U.S.A., 07-CV-3704 (E.D.N.Y. filed Sept. 4, 2007); Lamb v. U.S.A., 07-CV-3705 (E.D.N.Y. filed Sept. 4, 2007); Lamb v. Off. of the Governor for N.Y., et al., 09-CV-1389 (E.D.N.Y. filed Apr. 3, 2009).

[2] Plaintiffs' unsworn declaration under penalty of perjury is accepted pursuant to 28 U.S.C. § 1746(2)

2

addresses why they should not be barred from filing any new action relating to electro magnetic waves and the covert implantation of monitoring devices without first obtaining permission to file. Even when liberally construed, Plaintiffs' submission does not address why Plaintiffs should not be barred from filing any new action in this Court without first obtaining permission to file and, instead, appears to seek reconsideration of the dismissal of their Complaint.

In addition, on December 27, 2016, Plaintiffs filed a fifty-two (52) page Motion pursuant to Federal Rule of Civil Procedure 60(b)(1) seeking to vacate the Order. (See, Motion, Docket Entry 12.)

I. Reconsideration

Plaintiffs' Motion for reconsideration of the Order is DENIED. Plaintiffs point to no matters or controlling decisions that the Court allegedly overlooked nor do they provide any other proper basis for this Court to grant reconsideration. Rather, Plaintiffs assert that the "Court misapprehended the facts presented . . . ." (Pls.' Aff., Docket Entry 12-1, at 2, ¶ 3). Plaintiffs also appear to argue that vacateur is warranted because they "have a special extreme circumstance of defendants et al secrecy caused by the defendants et al enforcing N.Y.S. laws authorizing secrecy causing or maintaining the alleged violations

of plaintiffs' guaranteed substantial due process rights . . . ." (Pls.' Aff. at 5.)

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the Court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted). Indeed, the Second Circuit instructs that Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (citations omitted); accord United States v. Bank of N.Y., 14 F.3d 756, 759 (2d Cir. 1994). In addition, Local Civil Rule 6.3 provides that a party moving for reconsideration must "set[] forth concisely the matters or controlling decisions which [the party] believes the court has overlooked." See Local Civ. R. 6.3. Accordingly, because Plaintiffs' Motion falls far short of establishing a proper basis for relief from the Order, their Motion is DENIED. See Fed. R. Civ. P. 59(e), 60(b) and Local Civil Rule 6.3.

## II. Litigation Bar

For the reasons set forth above and in the Order, it is now ORDERED that: (1) Plaintiffs are ENJOINED from filing any new

4

action in this Court relating to electro magnetic waves and the covert implantation of monitoring devices without first seeking leave of Court; (2) the Clerk of the Court is DIRECTED to return to Plaintiffs, without filing, any new action relating to electro magnetic waves and the covert implantation of monitoring devices if it is received without a separate application seeking leave to file; (3) if Plaintiffs seek leave to file a new complaint and the Court finds that the new action is not subject to this filing injunction, the Court shall grant Plaintiffs leave to file the new action and it shall be assigned a civil docket number; and (4) if leave to file is denied, Plaintiffs' submission shall be filed on the Court's miscellaneous docket and a summary order denying leave to file shall be entered and no further action shall be taken.

Plaintiffs are WARNED that the continued submission of frivolous civil actions may result in the imposition of additional sanctions, including monetary penalties, upon notice and an opportunity to be heard. 28 U.S.C. § 1651(a); Malley v. Corp. Counsel of the City of N.Y., 9 F. App'x 58, 59 (2d Cir. 2001) (summary order) (affirming imposition of $1,500 sanction on pro se litigant for filing repetitive, frivolous complaints).

Although nothing herein shall be construed to prohibit Plaintiffs from filing an appeal of this Filing Injunction Order, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

5

appeal from this Order would not be taken in good faith and, should Plaintiffs seek leave to appeal in forma pauperis, such status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

CONCLUSION

Plaintiffs' Motion for reconsideration of the Order is DENIED. The Court now enters a Filing Injunction ENJOINING Plaintiffs from filing any new action in this Court relating to electro magnetic waves and the covert implantation of monitoring devices without first seeking leave of Court. The Clerk of the Court is DIRECTED to return to Plaintiffs, without filing, any new action relating to electro magnetic waves and the covert implantation of monitoring devices if it is received without a separate application seeking leave to file. If Plaintiffs seek leave to file a new complaint and the Court finds that the new action is not subject to this filing injunction, the Court shall grant Plaintiffs leave to file the new action and it shall be assigned a civil docket number. If leave to file is denied, Plaintiffs' submission shall be filed on the Court's miscellaneous docket and a summary order denying leave to file shall be entered and no further action shall be taken.

Plaintiffs are WARNED that the continued submission of frivolous civil actions may result in the imposition of additional

sanctions, including monetary penalties, upon notice and an opportunity to be heard. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, should Plaintiffs seek leave to appeal *in forma pauperis*, such status is DENIED for the purpose of any appeal. See *Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January  6 , 2017
        Central Islip, New York